GreeN, J,
delivered the opinion of the court.
This is an action brought by Herndon, who was plaintiff, against Hamblet a constable, for a false return upon afi. fa. which came to his hands in favor of the plaintiff against one Jesse E. Crook. The plaintiff in the execution showed Ham-blet the constable, a negro boy as the property of C rook: the father of Crook claimed the negro, and the constable required of the plaintiff an indemnifying bond, which was executed. The constable then levied upon the negro as the property of Crook, but afterwards permitted Crook to retain possession of *36 the negro, and take him out of the country — and made return on the execution of “no property found.”
After the proof of these facts by the plaintiff, the defendant offered to prove that the negro boy in question was not the property of Jesse E. Crook, the defendant in the execution, to the admission of which proof the plaintiff objected, which objection was sustained by the court.
The court charged the jury that if property was pointed out to an officer by the plaintiff in the execution as the property of the defendant, and a bond of indemnity was given — it was the duty of the officer to sell the property, no matter whether the title was disputed or not. The jury found a verdict for the plaintiff. The defendant moved for a new trial, which the court refused to grant, but gave judgment upon the verdict- — to reverse which this writ of error is prosecuted. We think the court erred in rejecting the testimony offered by the defendant, and in deciding, that where property is shown and an indemnifying bond given by a plaintiff in an execution, an officer is bound to sell said property, whether the title is in the defendant in the execution or not. The indemnifying bond, which an officer is authorized to demand by the act of 1825, ch. 40, sec. 1-2, before he can be required to levy on and sell disputed property, is intended for his protection and security, and not as a means of compelling him to do an unlawful act. Before the passage of that act, the collecting officer was bound at his peril to know whether property, upon which he was about to levy, belonged to the defendant in the execution or not. If it did, and he failed to levy and sell, he was liable to the plaintiff; and if it did not, and he levied and sold, he was liable for a trespass to the real owner. This state of the law subjected collecting officers to a heavy responsibility, and often placed them in a most delicate and difficult situation. In a population so unsettled as ours, there are often conflicting claims to property anda knowledge of the facts in relation to the true ownership is not always easily attained. It was to relieve collecting officers from this responsibility in some degree, that the act in question was passed. But if by that act, he is bound to sell property which he may know does not belong to the defendant in the exe - *37 cution instead of being relieved from responsibility thereby, it would involve him in law suits to which he would not have been subjected before the passage of that act. True, he would have a bond of indemnity, but this will not always secure him against loss. It is valuable to be sure when acting upon his own judgment as to the title of the property he proceeds to sell, but is under some apprehension from an opposing claimant— but it would be far otherwise, if it compel him against his will to trespass upon his neighbor’s rights, and involve himself in a troublesome and expensive litigation. Besides, it is absurd to sue a man for a false return, and then refuse to permit him to prove that the return was true. The fact that an indemnifying bond was given, would not make the negro the property of Jesse E. Crook if it were not so before its execution. The issue made by the pleadings is, whether Jesse E. Crook had property on which the execution might have been levied. The defendant offered proof directly pertinent to that issue which was rejected, because the plaintiff had given an indemnifying bond. This was clearly erroneous-. Let the judgment be reversed, and the cause remanded for another trial.